UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

 HEMUS TRAVEL INC.,

                         Case No. 1-07-44480 (ESS)
                         Chapter 7

                     Debtor.
-------------------------------------------------------X
DEBRA KRAMER, as Chapter 7 Trustee
of the Estate of Hemus Travel Inc.,

                     Plaintiff,

 -against-                       Adv. Pro. No. 09-_____(ESS)

ADAM TRAVEL,

                     Defendant.
-------------------------------------------------------X

## COMPLAINT

      Debra Kramer, as Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the bankruptcy estate

of Hemus Travel Inc. (the "Debtor"), by her proposed SilvermanAcampora LLP, as and for her

complaint against Adam Travel (the "Defendant"), sets forth and alleges:

### JURISDICTION AND VENUE

      1.      Plaintiff brings this adversary proceeding is brought under: (i) 11 U.S.C. §§105,

541, 544, 547, 548, 550, and 551; (ii) Rules 6009 and 7001 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"); (iii) New York Debtor and Creditor Law Sections 272 *et

seq.*; and (iv) general common law.

      2.      Since this action arises under the pending Chapter 7 bankruptcy case of the

Debtor, the United States Bankruptcy Court for the Eastern District of New York (the "Court")

has jurisdiction over this action under 28 U.S.C. §§157 and 1334 and Bankruptcy Rules 6009

and 7001.

      3.      This action is a core proceeding under 28 U.S.C. §157(b)(2)(A),(E), (F),(H) and

(O).

4. The United States Bankruptcy Court for the Eastern District of New York is the proper venue for this proceeding in accordance with 28 U.S.C. § 1409(a).

## THE PARTIES

5. Plaintiff was appointed interim trustee of the Debtor's estate, has duly qualified, and is the permanent trustee in this case by operation of law.

6. Plaintiff is authorized to commence this action under section 323 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 6009 and 7001.

7. Upon information and belief, the Defendant is a corporation with offices located at 42 West 38th Street, #700, New York, New York 10018.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8. On August 17, 2007 (the "Filing Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

9. Upon information and belief, within the ninety (90) days immediately preceding the Filing Date, the Debtor made transfers (collectively, the "Transfers") to the Defendant including, but not limited to the following:

| AMOUNT OF TRANSFER | DATE OF TRANSFER |
|---|---|
| $1,084.04 | 07/16/2007 |
| $646.00 | 07/24/2007 |
| $6,794.00 | 07/24/2007 |
| $3,654.00 | 07/24/2007 |
| $1,060.00 | 07/20/2007 |
| $3,399.00 | 07/27/2006 |
| $3,830.00 | 08/03/2007 |
| $20,467.04 | **TOTAL** |

10. Upon information and belief, the Defendant was a creditor of the Debtor at the time the Transfers were made.

rjf/D289525v/F099999

11.     Upon information and belief, at the time of the Transfers, the Debtor had creditors holding unsecured claims against it, that remained unsecured creditors as of the Filing Date.

12.     Upon information and belief, at the time of the Transfers, the Debtor was insolvent or became insolvent as a result of the Transfers.

## FIRST CLAIM FOR RELIEF
### (Preferential Transfer)

13.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 12, inclusive, with the same force and effect as if they were fully set forth herein.

14.     Upon information and belief, the Transfers were made to or for the benefit of the Defendant.

15.     Upon information and belief, the Defendant was a creditor of the Debtor at the time the Transfers were made.

16.     Upon information and belief, the Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant.

17.     Upon information and belief, the Transfers enabled the Defendant to receive more than it would have otherwise received: (a) in the Debtor's Chapter 7 bankruptcy case; (b) if the Transfers had not been made; and (c) if the Defendant received payment of their claim(s) to the extent provided by the provisions of the Bankruptcy Code.

18.     Under Bankruptcy Code §§547(b), 550 and 551, Plaintiff may avoid the Transfers and recover them for the benefit of the Debtor's bankruptcy estate.

19.     By reason of the foregoing, Plaintiff is entitled to judgment against the Defendant: (i) avoiding and recovering the Transfers, and (ii) in an amount not yet determined but no less than $20,467.04, plus interest thereon, attorneys' fees and costs and disbursements, or such other amount to be determined by the Court.

rjf/D289525v/F099999

## SECOND CLAIM FOR RELIEF

### (Fraudulent Conveyance)

20.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, with the same force and effect as if they were fully set forth herein.

21.     Upon information and belief, at the time of the Transfers by the Debtor to the Defendant, the Debtor was insolvent or rendered insolvent as a result of the Transfers.

22.     Upon information and belief, the Debtor did not receive fair consideration from the Defendant for the Transfers.

23.     The Transfers constitute a fraudulent conveyance in violation of New York State Debtor and Creditor Law §273.

24.     Under Bankruptcy Code §§544(b), 550 and 551, and New York State Debtor and Creditor Law §273, Plaintiff may avoid the Transfers and recover them for the benefit of the Debtor's bankruptcy estate.

25.     Accordingly, Plaintiff is entitled to judgment against the Defendant:  (i) avoiding and recovering the Transfers; and (ii) in an amount as yet undetermined, but in no event less than $20,467.04, plus appropriate interest thereon.

## THIRD CLAIM FOR RELIEF
### (Fraudulent Conveyance)

26.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 27, inclusive, with the same force and effect as if they were fully set forth herein.

27.     Upon information and belief, at the time of the Transfers, the Debtor was engaged or was about to be engaged in a business or transaction for which the property remaining in its possession after the conveyance was unreasonably small capital.

28.     Upon information and belief, the Debtor did not receive fair consideration from the Defendant for the Transfers.

29.     The Transfers constitute fraudulent conveyances of the Debtor's assets in violation of New York State Debtor and Creditor Law §274.

rjf/D289525v/F099999

30. Under Bankruptcy Code §§544(b), 550 and 551, and New York State Debtor and Creditor Law §274, Plaintiff may avoid the Transfers and recover them for the benefit of the Debtor's bankruptcy estate.

31. Accordingly, Plaintiff is entitled to judgment against the Defendant: (i) avoiding and recovering the Transfers; and (ii) in an amount as yet undetermined, but in no event less than $20,467.04, plus appropriate interest thereon.

## FOURTH CLAIM FOR RELIEF
### (Fraudulent Conveyance)

32. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 33, inclusive, with the same force and effect as if they were fully set forth herein.

33. Upon information and belief, at the time of the Transfers, the Debtor had incurred, or was intending to incur, or believed that it would incur debts beyond its ability to pay them as they matured.

34. Upon information and belief, the Debtor did not receive fair consideration from the Defendant for the Transfers.

35. The Transfers constitute fraudulent conveyances of the Debtor's assets in violation of New York State Debtor and Creditor Law § 275.

36. Under Bankruptcy Code §§ 544(b), 550 and 551, and New York State Debtor and Creditor Law § 275, Plaintiff may avoid the Transfers and recover them for the benefit of the Debtor's bankruptcy estate.

37. Accordingly, Plaintiff is entitled to judgment against the Defendant (i) avoiding and recovering the Transfers; and (ii) in an amount as yet undetermined, but in no event less than $20,467.04, plus appropriate interest thereon.

## FIFTH CLAIM FOR RELIEF
### (Fraudulent Conveyance)

38. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 39, inclusive, with the same force and effect as if they were fully set forth herein.

rjf/D289525v/F099999

39.     Upon information and belief, the Transfers were made with actual intent to hinder, delay, or defraud present or future creditors in violation of New York State Debtor and Creditor Law § 276.

40.     Under the Bankruptcy Code §§ 544(b), 550 and 551, and New York State Debtor and Creditor Law § 276, Plaintiff may avoid and recover the Transfers for the benefit of the Debtor's bankruptcy estate.

41.     Accordingly, Plaintiff is entitled to judgment against the Defendant: (i) avoiding and recovering the Transfers; and (ii) in an amount as yet undetermined, but in no event less than $20,467.04, plus appropriate interest thereon.

## SIXTH CLAIM FOR RELIEF
### (Attorneys' Fees)

42.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 43, inclusive, with the same force and effect as if they were fully set forth herein.

43.     The Transfers constitute fraudulent conveyances of the Debtor's assets in violation of New York State Debtor and Creditor Law § 276-a.

44.     Accordingly, Plaintiff is entitled to judgment against the Defendant, under New York State Debtor and Creditor Law § 276-a, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action, and costs and disbursements, or such other amount as may be determined by the Court.

## SEVENTH CLAIM FOR RELIEF
### (Fraudulent Conveyance)

45.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 46, inclusive, with the same force and effect as if they were fully set forth herein.

46.     Upon information and belief, the Transfers were made within one (2) years of the Filing Date.

47.     Upon information and belief, the Transfers were made by the Debtor with the actual intent to hinder, delay or defraud its creditors.

rjf/D289525v/F099999

48. The Transfers constitute fraudulent conveyances under 11 U.S.C. § 548(a)(1)(A).

49. The Defendant is the initial or immediate transferee of the Transfers within the meaning of 11 U.S.C. § 550(a).

50. Under Bankruptcy Code §§ 548(a)(1)(A), 550 and 551, Plaintiff may avoid the Transfers and recover them for the benefit of the Debtor's bankruptcy estate.

51. By reason of the foregoing, Plaintiff is entitled to a judgment (i) avoiding and recovering the Transfers; and (ii) in an amount as yet undetermined, but in no event less than $20,467.04, plus appropriate interest thereon.

### EIGHTH CLAIM FOR RELIEF
### (Fraudulent Conveyance)

52. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 53, inclusive, with the same force and effect as if they were fully set forth herein

53. Upon information and belief, the Transfers were made within two (2) years of the Filing Date.

54. Upon information and belief, the Debtor received less than reasonable equivalent value in exchange for the Transfers.

55. Upon information and belief, the Debtor (a) was insolvent on the dates the Transfers were made or became insolvent as a result of the Transfers, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital, or (c) intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as they matured.

56. The Transfers constitute fraudulent conveyances made under 11 U.S.C. § 548(a)(1)(B).

57. The Defendant is the initial or immediate transferee of the Transfers within the meaning of 11 U.S.C. § 550(a).

58. Under Bankruptcy Code §§ 548(a)(1)(B), 550 and 551, Plaintiff may avoid the Transfers and recover them for the benefit of the Debtor's bankruptcy estate.

rjf/D289525v/F099999

59.     By reason of the foregoing, Plaintiff is entitled to judgment: (i) avoiding and recovering the Transfers; and (ii) in an amount as yet undetermined, but in no event less than $20,467.04, plus appropriate interest thereon.

## NINTH CLAIM FOR RELIEF
### (Unjust Enrichment)

60.     The Transfer to Defendant was an impermissible transfer of Debtor's funds, a result of which Defendant was an ultimate beneficiary of the Transfer under circumstances in which Defendant would be unjustly enriched if he were to retain such proceeds since Debtor did not receive reasonable equivalent value for such transfer.

61.     As a result, Defendant has been unjustly enriched and may not in equity and good conscience retain the Transfer.

62.     By reason of the foregoing, Defendant is liable for unjust enrichment to the Trustee in the principal amount of $20,335.22 plus appropriate interest thereon.

**WHEREFORE**, the Trustee demands judgment on her claims for relief against the Defendant as follows:

a.  On the first claim for relief against the Defendant: (i) avoiding and recovering the Transfers pursuant to 11 U.S.C. §§ 547(b), 550 and 551; and (ii) in an amount as yet undetermined, but in no event less than $20,467.04, plus interest thereon, attorneys' fees and costs and disbursements, or such other amount as may be determined by the Court;

b.  On the second claim for relief, a judgment against the Defendant: (i) avoiding and recovering the Transfers pursuant to Bankruptcy Code §§ 544(b), 550 and 551, and New York State Debtor and Creditor Law § 273; and (ii) in an amount as yet undetermined, but in no event less than $20,467.04, plus interest thereon, attorneys' fees and costs and disbursements, or such other amount as may be determined by the Court;

c.  On the third claim for relief, a judgment against the Defendant: (i) avoiding and recovering the Transfers pursuant to Bankruptcy Code §§ 544(b), 550 and 551, and New York State Debtor and Creditor Law § 274; and (ii) in an amount as yet undetermined, but in no event less than $20,467.04, plus interest thereon, attorneys' fees and costs and disbursements, or such other amount as may be determined by the Court;

d.  On the fourth claim for relief, a judgment against the Defendant: (i) avoiding and recovering the Transfers pursuant to Bankruptcy Code §§ 544(b), 550 and 551, and New York State Debtor and Creditor Law § 275; and (ii) in an amount as yet

rjf/D289525v/F099999

undetermined, but in no event less than $20,467.04, plus interest thereon, attorneys' fees and costs and disbursements, or such other amount as may be determined by the Court;

e.  On the fifth claim for relief, a judgment against the Defendant: (i) avoiding and recovering the Transfers pursuant to Bankruptcy Code §§ 544(b), 550 and 551, and New York State Debtor and Creditor Law § 276; and (ii) in an amount as yet undetermined, but in no event less than $20,467.04, plus interest thereon, attorneys' fees and costs and disbursements, or such other amount as may be determined by the Court;

f.  On the sixth claim for relief, a judgment under New York State Debtor and Creditor Law §276-a for reasonable attorneys' fees, in an amount to be determined by the Court in connection with the prosecution of the action;

g.  On the seventh claim for relief, a judgment against the Defendant (i) avoiding and recovering the Transfers pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550 and 551; and (ii) in an amount as yet undetermined, but in no event less than $20,467.04, plus interest thereon, attorneys' fees and costs and disbursements, or such other amount as may be determined by the Court;

h.  On the eighth claim for relief, a judgment against the Defendant: (i) avoiding and recovering the Transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B), 550 and 551; and (ii) in an amount as yet undetermined, but in no event less than $20,467.04, plus interest thereon, attorneys' fees and costs and disbursements, or such other amount as may be determined by the Court;

i.  On the ninth claim for relief in the amount of $20,335.22, plus appropriate interest thereon; and

j.  for such other further and different relief as this Court may deem just and proper.

Dated: Jericho, New York
August 7, 2009

**SILVERMANACAMPORA LLP**
Attorney for Plaintiff Debra Kramer,
Chapter 7 Trustee

By:     _s/Ronald J. Friedman_
Ronald J. Friedman, Esq.
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

rjf/D289525v/F099999